UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. MJ04-M-273-JLA

UNITED STATES

V.

MICHAEL F. CUGNO,

JOSE ALFREDO TAPIA,

GERALDO VASQUEZ-ACOSTA,
a/k/a GERALDO ACOSTA VASQUEZ,
JERRY VASQUEZ, STAR,

STEPHEN W. SCHUKO,

and

LAURENTINO JORGE LAUREANO,

Defendants

**ORDER ON DETENTION**

ALEXANDER, M.J.

The defendants, Michael Cugno, Jose Tapia, Geraldo Vasquez, Stephen Schuko and Laurentino Laureano, appeared before this Court for a detention hearing on November 22, 2004, pursuant to a complaint charging them with a violation of 21 U.S.C. § 846 (conspiring to possess with intent to distribute marijuana). At the hearing, the government was represented by Assistant United States Attorney Susan Poswistilo and

the defendants were represented as follows: Attorney Robert Sheketoff on behalf of Mr. Cugno, Attorney Leo Sorokin on behalf of Mr. Tapia, Attorney Bernard Grossberg on behalf of Mr. Vasquez, Attorney Richard Ebert on behalf of Mr. Schuko, and Attorney Martin Leppo on behalf of Mr. Laureano. The government moved to detain the defendants pursuant to 18 U.S.C. §§ 3142 (f)(1)(C)(the offense carries a potential of ten or more years imprisonment pursuant to the Controlled Substances Act) and (f)(2)(A)(serious risk of flight).

At the commencement of the hearing all of the defendants stipulated to probable cause for purposes of the detention hearing. Additionally, the government reached agreements as to conditions of release for defendants Cugno, Laureano and Schuko and the Court therefore ORDERED defendants Cugno, Laureano and Schuko released pursuant to the terms of their respective orders setting conditions of release. The only matter therefore pending before this Court is the determination of detention for defendants Tapia and Vasquez.

During the detention hearing the government presented the credible testimony of Task Force Agent Sean A. Murray, an eighteen-year veteran of the Massachusetts State Police, as well as documentary evidence. Task Force Agent Murray is currently assigned to the DEA Transportation Task Force and investigates violations of state and federal narcotics laws. The Court was also aided by information from Pretrial Services on both

Mr. Tapia and Mr. Vasquez. Task Force Agent Murray's credible testimony, relevant for purposes of detention, includes the averments set forth below.

In August 2004, all five defendants were arrested in Massachusetts for violating Massachusetts' controlled substance laws. No federal charges were brought against the defendants at that time. On November 9, 2004, however, in the Western District of Texas, criminal complaints were filed against, and warrants issued for the arrest of, each of the defendants.[1] The criminal complaints charged the defendants with a violation of 21 U.S.C. § 846 (conspiring to possess with intent to distribute marijuana) stemming from the same activities for which the defendants were arrested in Massachusetts in August 2004.

Mr. Tapia and Mr. Vasquez were both arrested in Massachusetts, pursuant to the federal warrants, on November 18, 2004. At the time of their respective arrests they were staying in a hotel, sharing a room, and appeared to be traveling together. Prior to arresting Mr. Vasquez in Massachusetts, DEA Agents from Texas and Arizona attempted to locate him in Tucson, Arizona, at the address that he had provided as his residence when he was initially arrested in Massachusetts in August 2004. When the DEA Agents arrived at the Tucson address, however, they discovered an eviction notice on the door to the residence. The DEA Agents then went to an address in Douglas, Arizona, that they

---

[1] The defendants allegedly transported large amounts of marijuana from Texas to Massachusetts. Because the defendants stipulated to probable cause for purposes of the detention hearing, the defendants' activities need not be detailed here other than to point out the basis for the Western District of Texas' interest in the case.

believed to be the home of Mr. Vasquez's parents. There they learned from Mr. Vasquez's parents that Mr. Vasquez had been evicted from his Tucson home and had been living with his parents for a few months. Mr. Vaquez's parents, however, had not seen him for a few weeks. Task Force Agent Murray testified that he believed that Mr. Vasquez arrived in Massachusetts on November 17, 2004, one day prior to his arrest. With this information in mind, the Court turns to the detention determination.

Pursuant to the Bail Reform Act of 1984, this Court shall detain a criminal defendant pending trial upon a determination that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. . . ." 18 U.S.C. § 3142 (e); United States v. Montalvo-Murillo, 495 U.S. 711, 716-17 (1990). "With regard to risk of flight as a basis for detention, the Government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings." United States v. DiGiacomo, 746 F. Supp. 1176, 1180-81 (D. Mass. 1990). The burden of persuasion remains with the Government on the question of flight risk. See DiGiacomo, 746 F. Supp. at 1181, citing United States v. Jessup, 757 F. 2d 378, 381-82 (1st Cir. 1985).

The issue of whether the defendant poses a danger to the community has a different requirement. The Government must prove by clear and convincing evidence that no combination of conditions will reasonably assure the safety of any other person

and the community.  United States v. Chimurenga, 760 F.2d 400 (2d Cir. 1985).  The meaning of clear and convincing evidence does not imply that the judge be "plumb sure" that there is no set of conditions that will protect the public, but the judge should be "pretty sure."  United States v. Gray, 651 F. Supp. 432 (W.D. Ark. 1987), aff'd, 855 F.2d 858 (8th Cir.), cert. denied, 488 U.S. 866 (1988).

However, in cases involving violations of the Controlled Substances Act, 21 U.S.C. § 801 et seq., for which the defendant may be imprisoned for 10 or more years, there is a rebuttable presumption that there is "no condition or set of conditions [that] will reasonably assure the appearance of the person and the safety of any other person and the community." 18 U.S.C. § 3142(e).  This rebuttable presumption operates to shift the burden of production, but not the burden of persuasion, to the defendant.  See Jessup, 757 F.2d at 381.  The rebuttable presumption reflects Congress's belief that narcotics traffickers have the resources and contacts to flee to other countries, and that they pose particular risks of recidivism if released pending trial.  United States v. Arroyo-Reyes, 32 F.3d 561, 1994 WL 440654, *3 (1st Cir. 1994)(Table)(per curiam), citing United States v. Palmer-Contreras, 835 F.2d 15, 17 (1st Cir 1987) and United States v. Williams, 753 F.2d 329, 335 (4th Cir. 1985).  See also United States v. Portes, 786 F.2d 758, 765 (7th Cir. 1985).  Nevertheless, because of the interference of pre-trial detention with the "importan[t] and fundamental . . . right" of liberty, United States v. Salerno, 481 U.S.

739, 750 (1987), this Court will not make such a finding lightly. The Court's independent analysis regarding detention is governed by the rubric set forth in 18 U.S.C. § 3142(g).

First, the Court looks to the nature and circumstances of the offense charged against the defendants. There is no evidence here suggesting a violent nature to this alleged drug conspiracy. Although marijuana may not have as clear a destructive capacity as drugs such as cocaine/cocaine base or heroin, the Court notes that marijuana is nevertheless a controlled substance. The Court takes seriously any conspiracy to distribute any drug. The amount of marijuana at issue in this case is clearly cause for concern, as are the interstate ties that the defendants appear to have. This Court finds the offense at issue here to be serious.

Second, the Court looks to the weight of the evidence against the defendant. As noted previously, the defendants stipulated to probable cause for the purposes of detention.

The Court's third inquiry relates to the individual defendants. The Court addresses each of them in turn. As described above, Mr. Vasquez's living situation is somewhat suspect. Although he was reportedly living with his parents at the time of his arrest, they had not seen him in a number of weeks. According to the Pretrial Services Report on Mr. Vasquez, Mr. Vasquez claims not to have a valid United States Passport, but he also stated that he traveled to Mexico five months ago to visit family. Although Mr. Vasquez was released on bond from the Massachusetts courts, pursuant to the state charges against

him, and although Mr. Vasquez did appear for Massachusetts state court proceedings, this Court is not persuaded that Mr. Vasquez's later appearances in court can be guaranteed, particularly in light of the charge against Mr. Vasquez in Texas.  Additionally, Mr. Vasquez has a prior conviction for the same crime charged here - conspiracy to possess with intent to distribute marijuana.  Mr. Vasquez's record demonstrates that he presents a significant danger to the community by virtue of the facts charged against him in Texas, and his past controlled substance violation.  Thus, the Court will order that he be detained and removed to the Western District of Texas to answer to the charges against him.

Mr. Tapia similarly has a prior controlled substance violation.  According to asseverations of the government, Mr. Tapia and Mr. Vasquez have apparently worked together in the past.  Although Mr. Tapia, after serving prison time for his prior violation, did not violate the terms of his supervised release, and, like Mr. Vasquez, made his required Massachusetts state court appearance, Mr. Tapia's prior record is of serious concern to the Court.  He too presents a significant danger to the community and the Court will therefore order that he be detained and removed to the Western District of Texas to answer to the charges against him.

After considering all evidence before the Court, and the presumption of 18 U.S.C. § 3142(e-f), the Court concludes by clear and convincing evidence that GERALDO VASQUEZ and JOSE ALFREDO TAPIA pose a danger to the community, and by a preponderance of the evidence that GERALDO VASQUEZ and JOSE ALFREDO

TAPIA pose a risk of flight, neither of which can be vitiated by any condition or combination of conditions of release. Accordingly, the Court ORDERS them detained pending trial. Further, pursuant to 18 U.S.C. §3142( i) it is ORDERED that GERALDO VASQUEZ and JOSE ALFREDO TAPIA

1. be, and hereby are, committed to the Custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. be afforded reasonable opportunity for private consultation with their respective counselors; and

3. on Order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the Defendant(s) is confined shall deliver the Defendant(s) to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Review of this Order may be obtained by a defendant's filing of a motion for revocation or amendment of the Order pursuant to 18 U.S.C. § 3145 (b).

SO ORDERED.

| | |
|---|---|
| 12/13/04 | /S/ Joyce London Alexander |
| Date | United States Magistrate Judge |