```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
      v.                      )   MAGISTRATE NO. 04-M-273-JLA
                              )
JOSE TAPIA                    )
```

### DEFENDANT TAPIA'S APPEAL FROM ORDER OF DETENTION

Defendant, Jose Tapia, hereby moves, pursuant to 18 U.S.C. § 3145(b) for revocation of the detention order entered by the Magistrate-Judge on December 16, 2004. Danger to the community appears to be the sole basis for the Order of Detention. Tapia requests that the Court (1) revoke the Order of Detention and (2) release Tapia on the following conditions: (a) a bond secured by Tapia's mother's home; (b) that Tapia live at his residence in Arizona with his wife, if necessary on the electronic bracelet; (c) all of the standard Pretrial release conditions; and (d) any other condition that the Court deems reasonable or necessary.

### Procedural Background

A federal criminal complaint pending in the Western District of Texas charges Tapia, along with four others, with conspiracy to possess with intent to distribute approximately 1,500 pounds of marijuana. The Complaint triggers the five year mandatory minimum provision of 21 U.S.C. § 841(b).

The police arrested all of the defendants at a warehouse in Stoughton after a co-defendant took delivery of the marijuana from an undercover DEA agent. All of the defendants were charged

in state court.  Although cash bail was set for Tapia, he was unable to post the required amount of cash.

On November 11, 2004, Tapia, and all of his co-defendants, were arrested on the instant federal charges.  The pending state charges have been dismissed.  At the probable cause detention hearing all five defendants stipulated, for purposes of the hearing, to probable cause.  The Court released the three defendants from Massachusetts the day of the detention hearing.

After the hearing, Tapia submitted letters in support of his release from his mother, his wife and his adult children.  Tapia's mother also indicated her willingness to post her home to secure his release and several members of the family telephoned Pretrial so that they could verify Tapia's personal history information.

## MAGISTRATE-JUDGE'S DETENTION ORDER

The Court (Alexander, M.J.) detained Tapia on two grounds: (1) that, by clear and convincing evidence, he poses a danger to the community and (2) that, by a preponderance of the evidence, he poses a risk of flight.  The Court further determined that neither of the foregoing findings could be "vitiated by any condition or combination of conditions of release."  Order on Detention at 8.

The Magistrate-Judge's Order never discusses in any way Tapia's proposal that his mother's home secure his release. Similarly, it never discusses in any way the letters of support submitted from Tapia's family. And, the Order seems to assume, incorrectly, that Tapia was on release in state court, Order on Detention at 7 (acknowledging in Tapia's favor that he "made" his required state court appearance).

## STATEMENT OF FACTS

Tapia is a United States citizen. He lives in Arizona with his wife Maria and their son Sergio. Maria works at a hotel in Arizona. Sergio is in school; he is 18 years old. Tapia and his wife also have a daughter Angelica, she lives with her husband in the Phoenix area.

Tapia's family supports him strongly. His wife, son, daughter, mother and sister all wrote letters requesting his release and pledging their assistance, if he is released. See Defendant's Memorandum in Support of Release (Docket #24). Their support is unsurprising. Over the years he "always wanted [his daughter] to go to school and get a good job" and she succeeded. Id. (Letter from Angelica Sanchez). He has directed his son similarly. Id. (Letter from Sergio Tapia).

Tapia's mother has offered to pledge her home to secure his release. Although the house has a modest value by Boston standards, she estimates its worth at significantly under

$100,000, Ms. Tapia owns the home outright. More importantly, it is the only home she owns and as she survives on a pension she could not afford to purchase another. She has no doubt Tapia would honor her trust: "I have all the confidence in that my son will attend to the courts he is allowed to." Id. (Letter from Angela Tapia).

Tapia's success on supervised release validates his mother's confidence. In 2001 he completed successfully his five year term of supervised release. Through his actions Tapia demonstrated the ability and commitment to comply with Court imposed obligations over a substantial period of time.

Approximately three years after the conclusion of his supervised release, Tapia was arrested on the instant charges. The factual allegations set forth in the complaint reveal Tapia had a small role in the offense. An undercover DEA agent was hired by a person in Texas to transport a load of marijuana to Boston. The agent did so and delivered the drugs to the recipients. Shortly thereafter the police arrested the five defendants at a warehouse in Stoughton.

Notably, Tapia had no managerial or supervisory role. He did not hire the DEA agent, he did not negotiate with the DEA agent over the payment he would receive for driving the marijuana from Texas to Massachusetts, he did not take delivery of the marijuana from the DEA agent, he did not give the DEA agent his

$43,000 payment, he did not negotiate with the DEA agent over the location of the exchange.  Complaint paragraphs 8, 11, 12, 13.

Tapia first appears in the Complaint at paragraph 17 when the officers seek to detain everyone in the warehouse.  He ran up some stairs in the warehouse; the police found him hiding behind some equipment.  Id.  The truck containing the cylinders (which contained the marijuana) was backed up against a loading dock with its back doors open and some of the tanks removed to the loading dock at the time the police entered the warehouse.  Complaint paragraph 20.

## ARGUMENT

The Court may detain Tapia as posing a danger to the community only if it finds, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of any person or the community.  18 U.S.C. § 3142.  Similarly, the Court may detain Tapia as posing a risk of flight only if it finds, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure his appearance.  Id.

1.  Danger

Just imposing the condition that Tapia commit no crimes while on release, in this case, is sufficient to reasonably assure the safety of the community.  He has already demonstrated that he can and will comply with such a condition when he did so

for five years on supervised release.  However, the Court has a greater assurance.  Tapia's mother's home and, if the Court deems necessary, the electronic bracelet, would further assure the public safety.  Simply put, Tapia would not jeopardize his mother's home.

Tapia poses no risk of violence.  He has no record of violent conduct.  His only prior arrest was for distribution of marijuana.  He had no weapons at the time of his arrest and nowhere in the Complaint is there any suggestion of violence or weapons.

Tapia's proposal and the strong family support he enjoys rebut the presumption of detention applicable in this case and support his release.

2.  Risk of Flight

Although Tapia faces a substantial mandatory jail sentence – five years based on the weight of the drugs and potentially ten years if the USAO in El Paso files an 851 notice – he is not a risk of flight.  To flee would mean his mother would lose her home.  He would not do that to his mother.  To flee would also, effectively, terminate or substantially limit his relationship with all of his family.  He would not do that – the family letters demonstrate that he enjoys close knit relations with his wife, children, sister and mother.  Moreover, Tapia lacks the resources to finance flight.  He is indigent.

CONCLUSION

For the foregoing reasons, Tapia requests that the Court vacate the Order of Detention and Order his release.

                                      JOSE TAPIA
                                      By his attorney,


                                      /s/ Leo T. Sorokin
                                      Leo T. Sorokin
                                          B.B.O. #559702
                                      Federal Defender Office
                                      408 Atlantic Avenue, 3rd Floor
                                      Boston, MA  02110
                                      Tel: 617-223-8061