```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v.  ) | Mag. Judge Case No. |
| ) | 04-M-273-JLA |
| **JOSE ALFREDO TAPIA,** ) | |
| Defendant  ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT**
<u>**TAPIA'S MOTION TO APPEAL ORDER OF DETENTION**</u>

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby opposes the appeal of defendant Jose Tapia ("Tapia") requesting that this Court vacate United States Magistrate Judge Alexander's order of detention. For the reasons set forth below, the defendant's appeal and request to vacate should be denied.

<u>**Procedural Background**</u>

On November 18, 2004, Tapia and four other individuals were arrested pursuant to federal arrest warrants issued from the Western District of Texas. The warrant was issued pursuant to complaint. An initial appearance before Magistrate Judge Alexander was held on that day and the government moved to detain each of the defendants.

A detention hearing was held on November 22, 2004. At the hearing, each defendant stipulated to probable cause. The government presented the testimony of Task Force Agent Shawn Murray, and admitted the complaint affidavit. The government

also stipulated to conditions of release for three of Tapia's co-defendants. At the time of the hearing, Tapia had not been interviewed by pretrial services and chose to present no witnesses or other evidence. After the government's evidence and argument, the Court continued the matter with respect to defendants Tapia and one other defendant, Geraldo Vasquez-Acosta ("Vasquez").

At the continued hearing on November 23, 2004, the Court heard the results of the interview with pretrial services, and heard additional argument from the government and Tapia's counsel. Tapia's counsel advised the Court that Tapia's mother was willing to post her residence in Arizona in order to secure his release. The Court took the matter under advisement. On November 30, 2004, Tapia filed a memorandum with several letters of support from his family, one of which again confirmed his mother's willingness to post her home. (Docket No. 24).

The Court issued its opinion on detention December 13, 2004 and found that Tapia should be detained pending trial. It noted that Tapia's prior record was "of serious concern" to it. Order on Detention at 7, (hereinafter "Order"). It further found Tapia posed a danger to the community and posed a risk of flight. Order at 7-8. It made these findings despite being presented with Tapia's suggestion that his mother will post her home.

**ARGUMENT**

A person who is ordered detained by a magistrate judge may seek revocation or amendment of the order from "the court having original jurisdiction over the offense." 18 U.S.C. § 3145(b). A district judge must conduct a "de novo review" of a contested detention order, but it need not conduct a de novo hearing. United States v. Tortora, 922 F.2d 880, 883, n.4 (1st Cir. 1990); see United States v. Phillips, 732 F.Supp. 255, 259 (D.Mass. 1990). On the contrary, the district judge may take the magistrate judge's fact-finding as his or her starting point and hear additional facts and argument only if he or she sees fit. Id. In United States v. Koenig, cited in Tortora, the Court explained the meaning of *de novo* review in the context of a detention order:

> It may be too late to restore the original precision to the term "de novo," but we can at least state what we conceive it to mean in the context of a district court's review of a magistrate's detention order. Clearly, the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist. The district court erred, however, in ruling that it could review the magistrate's findings under a "clearly erroneous" standard of deference. It should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference. If the performance of that function makes it necessary or desirable for the district judge to hold additional evidentiary hearings, it may do so, and its power to do so is not limited to occasions

3

> when evidence is offered that was not presented to the magistrate. [citation omitted]. The point is that the district court is to make its own "de novo" determination of facts, whether different from or an adoption of the findings of the magistrate. It also follows ... that the ultimate determination of the propriety of detention is also to be decided without deference to the magistrate's ultimate conclusion. [citations omitted]. The district court in this case erred, therefore, in concluding that it should not set aside the magistrates' factual determinations unless they were clearly erroneous. However, the district court also stated that the magistrates' findings were the same ones that the district court would have made on the evidence presented to the magistrate. We conclude that this determination renders harmless the district court's error in the standard of review. Even under the proper "de novo" requirement, the district court, while empowered to do so, is not required to hold an evidentiary hearing when no evidence is offered that was not before the magistrate.

United States v. Koenig, 912 F.2d 1190, 1192-93 (9th Cir. 1990).

In this case, the Court can conduct a meaningful *de novo* review of the evidence by reviewing the transcripts, Tapia's criminal record and a copy of the Complaint Affidavit, which was admitted in lieu of the direct evidence.[1]

In the complaint, Tapia was charged with conspiracy to possess, with intent to distribute, marijuana, in violation of 21 U.S.C. § 841 and § 846. Because of the charges, the statutory

---

[1] The government has requested the transcripts from the detention hearings on November 22 and 23, 2004.

presumption set forth at 18 U.S.C. §3142(e) applies - that is, upon a finding of probable cause that the defendant committed the crime, there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." Since Tapia conceded probable cause, the statutory presumption is applicable.[2]

In this case, Tapia failed to overcome the statutory presumption. Tapia was involved in a very serious crime that involved a substantial amount of drugs - the distribution of over 1,500 pounds of marijuana. This was not the first time he was involved in such a crime, as he had been previously prosecuted and convicted for the very same thing in the District of Arizona. In fact, in the earlier prosecution, one of his coconspirators was Vasquez.[3] Now, years later, Tapia and Vasquea are at it again. They traveled together, they shared a motel room together and they distributed marijuana together.

As USMJ Alexander found, these facts sufficiently establish that there are no conditions, or set of conditions, that would

---

[2]An indictment was returned against Tapia on December 8, 2004, charging him with one count of conspiracy to possess, with intent to distribute, over 100 kilograms of marijuana, in the Western District of Texas.

[3]See, U.S. District Court PACER, District of Arizona, Criminal Case No. 92-cr-00247. Tapia is identified as defendant # 32 and Vasquez as defendant #33.

ensure Tapia's appearance at trial.  The fact that Tapia successfully completed his supervised release after his first conviction is of no moment here.  Indeed, it suggests either that (1) Tapia purposely waited until he was no longer under the watchful eye of Probation to resume his illegal activities, or, (2) Tapia was engaged in illegal activities during his supervised release, but just was not caught.  Further, Judge Alexander was well aware of Tapia's proposed conditions of release prior to her entering the order of detention, as Tapia suggested them to her during oral argument and again in a written pleading.  By virtue of the fact that she entered the order of detention, she found that the proposed conditions were insufficient.

Accordingly, the facts and the law both support the U.S. Magistrate Judges' order of detention, and, as such, should not be revoked.

## CONCLUSION

Based upon the foregoing, the defendant's motion to appeal the order of detention should be denied.

                                    MICHAEL J. SULLIVAN
                                    United States Attorney


                        By:  /s/ Susan M. Poswistilo
                           SUSAN M. POSWISTILO
                           Assistant U.S. Attorney